IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| JASON GREENWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-00058 |
| | ) | JUDGE RICHARDSON |
| | ) | |
| TERRENCE LEVECK, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Pending before the Court are Defendants' seven motions in limine (Doc. Nos. 83–88, 112) and Plaintiff's two motions in limine (Doc. Nos. 90, 91). Also pending before the Court is Defendants' motion (Doc. No. 89) to "bifurcate[e] liability and compensatory damages from the amount of punitive damages, if any," (*id.* at 1), such that the latter trial phase would be reached (from a determination of whether and, if so, in what amount to award punitive damages to Plaintiff) only if and when Defendants have been found liable.

The Court's decision on several of these motions was announced during the telephonic conference on May 30, 2024.[1] For the reasons stated at that time, Defendants' motions in limine nos. 3 and 6 (Doc. Nos. 84, 87) are GRANTED as unopposed. Defendants' motions in limine nos.

---

[1] In the pretrial conference held on June 3, 2024, the Court clarified its decision with respect to Defendants' motion in limine no. 7 (Doc. No. 88) and requested additional briefing on the motions in limine pending at Doc. Nos. 83, 91, and 112, which are discussed below.

4 and 7 (Doc. Nos. 85, 88) are DENIED.[2] Plaintiff's motion in limine at Doc. No. 90, which comprises a request to exclude evidence of 14 different types is GRANTED in part and DENIED in part. The motion is denied as to types 1, 2, 3, 4, 6, 7 and 13;[3] deferred as to type 5;[4] granted as unopposed as to types 8, 9, 11, 12 and 14; and granted as to type 10 (on the merits and as seemingly now unopposed).

On June 5, 2024, the parties filed supplemental briefing regarding Defendants' motions in limine nos. 1 and 2 pending at Doc. Nos. 112 and 83, respectively. (*See* Doc. Nos. 121-22, 124-25). As discussed below, the Court has considered the parties' supplemental briefing in making its ruling on the motions at Doc. Nos. 112 and 83.

Defendants' motion in limine no. 1 (Doc. No. 112) to exclude the expert testimony of Dr. McIntyre is DENIED on the grounds that the evidence is conditionally relevant (as opposed to necessarily not relevant); provided, however, that Dr. McIntyre's expert testimony will not be admitted unless Plaintiff introduces evidence sufficient for a jury to find the following (which are the two conditions to the relevance of Dr. McIntyre's opinion testimony): (a) correlation between

---

[2] More specifically, Defendants' motion in limine no. 7 (Doc. No. 88): (a) insofar as it seeks to exclude *argument* that a delay in receiving Keppra caused Plaintiff's injuries, is denied because the Court cannot presently say that such argument would be improper given available evidence and applicable law; and (b) insofar as it seeks to exclude *evidence* that a delay in receiving Keppra caused Plaintiff's injuries, is denied because the Court presently cannot say that evidence of this type is irrelevant or that any particular piece of evidence of this type would be inadmissible under any of the Federal Rules of Evidence.

[3] During the teleconference, the Court stated that it was deferring a decision on item 6. The basis of that deferral was the fact that the Court was not 100 percent sure, and was not then proceeding as if, Plaintiff was irrevocably dropping his claim for damages based on the death of the decedent. But the Court is now satisfied, after the pretrial conference of June 3, that Plaintiff has dropped that claim, and trial will proceed accordingly. With that claim dropped, Plaintiff's motion in limine can now appropriately be denied as to item 6.

[4] As indicated by the Court during the May 30 teleconference, type 5 evidence likely would be excluded unless it was offered through an expert testifying to an opinion that purportedly relied on such evidence. Even then, type 5 evidence still might be excluded for any of a number of reasons, including a lack of evidence that type 5 evidence is the kind of evidence typically relied on in forming opinions by persons in the expert's field.

the level of Nortriptyline in the decedent's antemortem blood and the level of nortriptyline in his postmortem blood, and (b) that toxic levels of Nortriptyline in antemortem blood caused the alleged decedent's pain and suffering (i.e., caused the decedent's alleged seizures, urinary retention, etc.).[5]

Defendants' motion in limine no. 2 (Doc. No. 83) to exclude the expert testimony of Dr. Allen is GRANTED in part and DENIED in part. Specifically, the motion is GRANTED as to Dr. Allen's opinion testimony that Nortriptyline in the amount prescribed by Defendants caused the decedent's seizures or related pain and suffering (e.g., urinary retention), because of Plaintiff's non-disclosure of this opinion testimony. The motion (Doc. No. 83) is otherwise denied because the Court cannot presently conclude that the remaining challenged opinion testimony does not fairly fall within the scope of Plaintiff's disclosures or is not within the medical or scientific knowledge of Dr. Allen.[6]

Defendants' motion in limine no. 5 (Doc. No. 86) is GRANTED in part and DENIED in part. Specifically, the motion (Doc. No. 86) is granted in that evidence of claims and damages from Defendants' prescribing of Nortriptyline prior to January 21, 2019 will be excluded.[7] The motion is otherwise denied (specifically with respect to any opinions or criticisms pre-dating January 21, 2019).

---

[5] The Court is unaware of any evidence to satisfy these conditions or where such evidence might come from, but the Court declines to say conclusively at this time that Plaintiff could not possibly adduce such evidence at trial.

[6] Plaintiff shall have the opportunity to establish (if necessary) the admissibility of the proposed expert testimony by Dr. Allen not excluded herein either during the course of the jury trial, or, upon request of one or all parties, at a jury-out hearing at a suitable time during the trial.

[7] Exclusion of such evidence is ordered not precisely on the grounds asserted in the motion, but rather based on the Court's conclusion on a related issue discussed by the Court with the parties in the pretrial conference on June 3—i.e., that the Amended Complaint (Doc. No. 24) did not place Defendants on notice that Plaintiff seeks damages for the decedent's pain and suffering resulting from the prescription of Nortriptyline before January 21, 2019. (*See* Doc. No. 24 at ¶ 6).

Plaintiff's motion in limine at Doc. No. 91 is DENIED in part and DEFERRED in part. Specifically, the motion at Doc. No. 91 is denied insofar as it seeks to exclude Dr. McKechnie from testifying about the appropriateness of Defendants prescribing Nortriptyline to Plaintiff and deferred insofar as it seeks to exclude Dr. Holstege from testifying about the same.

Finally, Defendants' motion to bifurcate (Doc. No. 89) is GRANTED as unopposed and well-taken.

The rulings on the motions in limine come with the caveats provided in some detail by the Court during the May 30 teleconference. Those caveats include, among other things, the observation that the rulings general and tentative only, subject to change based on events at trial, and (in the case of the denial of a motion in limine seeking broadly to exclude all evidence regarding a specified topic or offered for a specified purpose) without prejudice to a party's prerogative to raise more specific objections to particular evidence or offers of evidence presented at trial.

As the filings at Doc. Nos. 124 and 125 are not themselves separate motions, but rather supplemental briefing in support of previously filed motions at Doc. Nos. 112 and 83, respectively, the Clerk of Court is directed to TERMINATE the designation of Doc. Nos. 124 and 125 as motions.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE